# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cynthia Brozman, : 
              Petitioner : 
               : No. 1697 C.D. 2016
      v. : Submitted: May 5, 2017
               : 
Workers' Compensation Appeal Board, : 
(Commonwealth of Pennsylvania), : 
            Respondent : 

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**            **FILED: October 5, 2017**

Cynthia Brozman (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) that affirmed the order of a Workers' Compensation Judge (WCJ) modifying her workers' compensation benefits. Claimant argues the Board erred in construing the burden of proof under Section 306(b)(2) of the Workers' Compensation Act (Act).[1] Specifically, she contends an employer bears the burden to prove it has no available work internally before it may conduct a labor market survey. Upon review, we affirm.

## I. Background

For approximately 10 years, Claimant worked for the Pennsylvania Liquor Control Board (Employer) as a store clerk, a civil service position. She took

---

[1] Act of June 2, 1915, P.L. 736, <u>as</u> <u>amended</u>, 77 P.S. §512(2), <u>added</u> <u>by</u> the Act of June 24, 1996, P.L. 350.

a civil service examination dedicated to that position. Her duties included lifting and carrying between 40 and 60 pounds.

In September 2005, Claimant sustained an injury when she slipped on a case of broken wine and fell. A notice of compensation payable (NCP) was issued, acknowledging work injuries to her lower back, left arm, and left knee. The NCP provided payment of compensation at a rate of $358.00 based on an average weekly wage (AWW) of $521.03.

In 2013, Claimant underwent an independent medical examination (IME) by Dr. Joshua Auerbach (Dr. Auerbach), who released Claimant to perform sedentary work. Then, Monique Sheppard (Vocational Expert) performed a labor market survey (LMS) based on Claimant's capacity.

Employer filed a petition to suspend benefits as of March 6, 2014, based on the LMS. Shortly thereafter, Claimant filed a review petition seeking expansion of the work injury to include cervical and lumbar-related issues, and a penalty petition. The three petitions were consolidated and heard by the WCJ.

In support of its suspension petition, Employer submitted the deposition testimony of Vocational Expert. Based on Claimant's capacity and work experience, she located five positions that were physically and vocationally appropriate for Claimant. The positions include: sales specialist for Wells Fargo ($14.39 per hour); dispatcher for DeSales University ($12.32 per hour); surveillance operator for Sands Casino ($10.00 per hour); teller at Wells Fargo Bank ($10.00 per hour); and, retail

sales agent at Enterprise Rent-A-Car ($10.00 per hour). The pay for each of the positions is based on a 40-hour week.

Based on these positions, which Dr. Auerbach approved as within Claimant's capabilities, Vocational Expert opined Claimant had an earning capacity of $453.68 per week. Relevant here, she acknowledged Employer did not submit documentation to her indicating that no positions were available with Employer before obtaining the LMS.

Employer also submitted the deposition testimony of two board-certified orthopedic surgeons, Dr. Auerbach, who examined Claimant in 2013, and Dr. Roger Componovo (Dr. Componovo), who examined Claimant in 2015 (collectively, Employer's Medical Experts). Dr. Auerbach testified as to Claimant's capabilities based on his 2013 IME and based on his review of her medical records. Dr. Componovo testified as to Claimant's capabilities based on his 2015 exam.

Dr. Auerbach's examination revealed tenderness throughout the left knee with internal derangement, post arthroscopy and nerve decompression. He also noted a lumbar disc herniation at the L4-5 and cervical radiculopathy with right arm pain, that was possibly related to a separate incident at physical therapy. He testified Claimant advised him that while undergoing traction for her knee, she had an acute onset of pain in her back with numbness, tingling and cramping in her leg. However, Dr. Auerbach did not think it was possible to injure the neck during traction to improve the knee. He did not relate the neck or back pain to her work injury. He also did not recommend additional treatment for the knee.

3

Dr. Componovo testified Claimant related the same history regarding her injury during physical therapy. His physical examination revealed symptom magnification during the neck examination. He also noted "a lot of superficial tenderness to very mild palpation across the knee." WCJ Op., 1/22/16, Finding of Fact (F.F.) No. 4 (b). He diagnosed left knee pain post contusion and two surgeries. He opined Claimant fully recovered from the low back contusion sustained at the time of the work injury.

Employer's Medical Experts did not attribute Claimant's lumbar or cervical issues to the work injury. Employer's Medical Experts also opined Claimant was capable of returning to work. Dr. Auerbach opined that, as of 2013, Claimant could perform sedentary work, based on her lifting restrictions, and difficulty bending, stooping, twisting, and working on her hands and knees. F.F. No. 3(i). Dr. Componovo opined that, as of January 2015, Claimant was capable of medium duty work. F.F. No. 4(h).

In addition, Employer presented the testimony of Brenda Coakley who oversaw all hiring (Manager). She testified regarding Employer's status as a dominantly civil-service agency. As a result, Employer fills positions through the State Civil Service Commission. She confirmed that in the geographic area of the Wine and Spirits store where Claimant was employed, there were no positions other than Claimant's pre-injury job. She explained the sole position for which Claimant was qualified was a store clerk, which required lifting of 40-60 pounds. She testified there was no work available within Claimant's medical restrictions. F.F. No. 7(i); Reproduced Record (R.R.) at 225a.

4

In support of her review petition, Claimant testified on her own behalf. She also submitted the deposition testimony of her treating physician, Dr. Kenneth Zaul, who specializes in pain management (Treating Physician).

Treating Physician began treating Claimant in November 2013 for internal derangement of the knee, low back pain, herniated discs in the lumbar spine, cervical disc displacement, and cervical radiculopathy. He treats Claimant monthly for renewal of pain medication, including opioids that affect her attention span and ability to drive. He also performed facet block injections and injections to her knee. He opined Claimant was not capable of working, and noted her decreased concentration. F.F. No. 8(g).

Claimant testified regarding her symptoms, emphasizing her pain worsened since the work injury. She claimed her left knee constantly hurts, and she experiences pain in her neck and back. She admitted she did not apply to any of the positions set forth in the LMS.

Based on the credited evidence, the WCJ denied Claimant's review petition, but awarded penalties for Employer's late payment of bi-weekly benefits. He also denied Employer's suspension petition because the earning capacity did not exceed Claimant's AWW. However, the WCJ determined Claimant was capable of performing sedentary work and had an earning capacity of $400 per week.[2] Thus, he modified her compensation, reducing Claimant's benefits to $80.68 per week.

---

[2] The WCJ arrived at $400, the low end of the wage range, instead of the average of the wages for the five positions, based on Claimant's "many years of unemployment." F.F. No. 13.

5

The WCJ made specific findings as to each witness' credibility, explaining his reasons for crediting one expert over another. He credited the unrefuted testimony of Manager and Vocational Expert. He credited Claimant's testimony only to the extent her complaints related to her left knee. He did not credit Claimant's testimony as to her alleged injuries while undergoing physical therapy. He credited Employer's Medical Experts, and based on their testimony, he found Claimant's lumbar and cervical issues did not relate to the work injury. He also credited Employer's Medical Experts' testimony that Claimant is capable of sedentary work. The WCJ only found Treating Physician credible "to the extent [his testimony] [was] consistent with the testimony of [Medical Experts.]" F.F. No. 11. He discredited Treating Physician's testimony relating numerous injuries to the physical therapy incident in 2013, noting it was unsupported by any medical documentation. He emphasized Treating Physician only began treating Claimant in 2013, several years after the work injury. He also discredited Treating Physician's testimony that Claimant is totally disabled from all employment. Id.

Claimant appealed to the Board,[3] arguing the WCJ erred in denying her review petition. She also asserted Employer did not meet its burden to prove work was unavailable to Claimant before conducting the LMS. She questioned the sufficiency of Manager's testimony to show Employer had no available positions.

The Board affirmed the WCJ, reasoning his decision was supported by substantial, credible evidence. Claimant now petitions for review.

**II. Discussion**

---

[3] Employer did not appeal the WCJ's denial of its suspension petition or the grant of Claimant's penalty petition.

On appeal,[4] Claimant challenges the modification of benefits. She contends Employer did not meet its burden to prove a position was not available with the Commonwealth that Claimant was capable of performing. She also asserts Employer did not establish the nonexistence of internal light-duty positions.

The only issue before us is whether Employer met its burden of proof with regard to modification of Claimant's benefits. We begin by examining Claimant's premise, "that Employer has not met its preliminary burden to show that it does not have work generally available within [Claimant's] present medical capacities." Pet'r's Br. at 15.

Pursuant to Section 413(a) of the Act, a WCJ may modify or suspend a claimant's benefits if the claimant's disability decreased. 77 P.S. §772. In this context, disability means the "loss of earning power caused by the work injury." Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap), 81 A.3d 830, 841 (Pa. 2013) (citation omitted).

Section 306(b) of the Act recognizes partial disability, providing that compensation will be based on the difference between a claimant's pre-injury wages and her post-injury earning power. 77 P.S. §512. Under Section 306(b)(2) of the Act "an employer may seek modification of a claimant's benefits by either[:] [(1)] offering the claimant a specific job that it has available that [s]he is capable of performing[;] or [2] establishing earning power through expert opinion evidence."

---

[4] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights were violated. Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger), 38 A.3d 1037 (Pa. Cmwlth. 2011).

7

Kleinhagan v. Workers' Comp. Appeal Bd. (KNIF Flexpak Corp.), 993 A.2d 1269, 1275 (Pa. Cmwlth. 2010) (emphasis added) (internal quotation marks omitted).

A claimant may defend against a modification petition by placing *prima facie* evidence into the record "that a position was available with employer that [she] was physically capable of performing" before filing the modification petition. Kleinhagan, 993 A.2d at 1275. An employer's burden to prove no position was available and suitable for a claimant only arises *once* the claimant puts forth *prima facie* evidence that the employer had a vacancy she could fill. Id.; see Reichert v. Workers' Comp. Appeal Bd. (Dollar Tree Stores/ Dollar Express & Specialty Risk Servs., Inc.), 80 A.3d 824 (Pa. Cmwlth. 2013).

## A. Burden of Proof

Analyzing an employer's burden under Section 306(b)(2), an en banc panel of this Court explained "that the burden of proof may be placed on a party who must prove existence of a fact rather than on a party who must prove its non-existence." Rosenberg v. Workers' Comp. Appeal Bd. (Pike Cnty.), 942 A.2d 245, 251 (Pa. Cmwlth. 2008) (en banc). Claimant's contention that Employer bore the burden to prove the nonexistence of a position in its stores is thus contrary to established precedent. Rosenberg; Reichert; Kleinhagan.

Essentially, Claimant disregards that Section 306(b)(2) does not require an employer to offer a claimant a position. Written in the disjunctive, the statute directs Employer to offer an available, suitable position to Claimant, only if such a position exists. As a defense to modification, Claimant had the ability to offer

8

evidence that: (1) Employer had a vacant position available prior to filing its petition; (2) Claimant was capable of performing that position despite her medical restrictions; and, (3) Employer did not offer the position to her before seeking modification.

Here, Claimant did not submit any evidence to support such a defense. Claimant did not show Employer had an existing vacancy for a position, much less a position within her medical restrictions. Rosenberg (an employer's burden arises only after claimant makes a *prima facie* showing of available position). Indeed, Claimant did not refer to any available positions within her capabilities. Consequently, the burden never shifted to Employer to establish the nonexistence of an available, suitable position. Reichert.

In support of her recitation of Employer's burden, Claimant cites our en banc decision in Rosenberg without recognizing a crucial evidentiary distinction that triggered the burden shift. In Rosenberg, the claimant worked for Pike County post-injury in a light-duty capacity for several months before her termination. In the termination letter, the county stated it did not have a permanent light-duty position to accommodate the claimant's restrictions. However, the county then replaced the claimant with a new hire, in what appeared to be the same clerical position. The claimant offered unrebutted testimony on this point. Because the WCJ did not make a finding regarding the suitability of the claimant for a full-time position (akin to that of the new hire), we remanded.

Relevant here, we concluded the claimant's testimony regarding her termination asserted the defense that the employer had an available position she was

capable of performing.  Id. at 250-51.  We held "once the issue is raised by evidence of a possible opening with employer, [then] the employer has the burden of proof." Id. at 251 (emphasis added).[5]

Here, Claimant submitted no evidence to trigger a burden shift.  Rather, Claimant contends Employer's "sheer size ... (and the Commonwealth at large as an employer) signifies the existence of possibly available and viable jobs with [Employer] or another entity within the Commonwealth that could accommodate [her] medical restrictions."  Pet'r's Br. at 18.

We reject as wholly without merit Claimant's contention that size alone "is *enough to trigger [Employer's] legal duty to prove* it could not provide viable work to Claimant prior to seeking an outside assessment."  Id. (italics added, underline in original).  Speculation in a brief does not constitute evidence to sustain a *prima facie* showing.  Moreover, the Employer in this circumstance is the agency, the Pennsylvania Liquor Control Board, not the entire workforce receiving a paycheck from the Commonwealth of Pennsylvania.

## B. Substantial Evidence

---

[5] On further appeal after remand, we deferred to the WCJ and his credibility determinations regarding the suitability of the position at issue.  Rosenberg v. Workers' Comp. Appeal Bd. (Pike Cnty.) (Pa. Cmwlth., No. 1374 C.D. 2009, filed February 5, 2010), 2010 WL 9512688 (unreported).  Ultimately, we affirmed the modification of benefits.  Id. (availability of position is not sufficient, the position must also be suitable, meaning within a claimant's medical restrictions).

Because Claimant's arguments are predicated on her flawed understanding of Employer's burden of proof, they lack merit. Nonetheless, we review them briefly.

We are unpersuaded by Claimant's implication that the LMS was of no effect because Employer did not prove the nonexistence of a position before obtaining the LMS. First, Employer had no such legal burden because Claimant did not trigger it. Second, a labor surveyor is under no obligation to contact "[Employer] about open and available positions at its retail stores that Claimant was capable of performing *prior* to conducting the labor market survey." Reichert, 80 A.3d at 831 (emphasis in original). Claimant's challenge to the LMS' validity because Vocational Expert did not verify nonexistence of a position with Employer *first* discounts this Court's clear authority to the contrary on that point. Id.

We also reject Claimant's argument that Manager's testimony does not constitute substantial evidence to support modification here. That Manager did not testify that no light-duty positions were available in all 600 Wine & Spirits stores is of no moment for two reasons. One, the WCJ found Claimant was capable of performing sedentary work, not light-duty work. F.F. Nos. 12-13. Two, Manager's testimony pertained to the relevant geographic area. Section 306 of the Act is limited to the "usual employment area," meaning the "relevant geographic area." Phoenixville Hosp., 81 A.3d at 842. Thus, Manager was not required to investigate employment opportunities at all 600 Wine & Spirit stores.

Nevertheless, the record reflects Employer had no positions within Claimant's physical capabilities within the relevant geographic area. Manager testified to that fact, which testimony was credited and unrebutted. F.F. Nos. 7(i), 9; R.R. at 225a. Manager also confirmed Claimant was only qualified to work as a store clerk, for which the lifting requirements exceeded her physical capabilities. Id.

### III. Conclusion

For the foregoing reasons, we affirm the Board's order.

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cynthia Brozman,                :
              Petitioner    :
                        :    No. 1697 C.D. 2016
             v.             :
                        :
Workers' Compensation Appeal Board,  :
(Commonwealth of Pennsylvania),     :
              Respondent   :

# **O R D E R**

**AND NOW**, this 5th day of October, 2017, the order of the Workers' Compensation Appeal Board is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge