IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adam Strzyzewski,              :
          Petitioner        :
          v.               :   No. 75 C.D. 2022
                        :
Extensis II, Inc. (Workers'    :   Submitted: May 19, 2023
Compensation Appeal Board),   :
          Respondent   :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH               FILED: September 22, 2023


Adam Strzyzewski (Claimant) petitions for review of the December 27, 2021 order of the Workers' Compensation Appeal Board (Board) that affirmed the November 18, 2020 decision of the Workers' Compensation Judge (WCJ) granting Extensis II, Inc.'s (Employer) Petition for Modification, thereby reducing Claimant's workers' compensation benefits from temporary total disability (TTD) to partial disability benefits based on his recovery from his work-related injury and because work was generally available to him as of February 13, 2019. Upon review, we affirm.

## I. Facts and Procedural History

On August 4, 2003, Claimant suffered injuries to his neck and low back while in the course and scope of his employment. In accord with the Notice of Compensation Payable (NCP) dated April 14, 2009, Claimant was paid TTD benefits

in the amount of $675.00 per week pursuant to the provisions of the Workers' Compensation Act (Act).[1] (Reproduced Record (R.R.) at 3a.)

On July 19, 2019, Employer filed a Modification Petition following the February 13, 2019 Independent Medical Examination (IME) of Dr. Robert Mannherz. *Id*. at 291a. Employer alleged that Dr. Mannherz released Claimant to full-time, light-duty work, and that suitable work was generally available as of February 13, 2019. The Modification Petition was based on a labor market survey conducted by Employer's vocational expert, Caroline Potter, who identified four open and available jobs in Claimant's geographical area within his medical and vocational capabilities. *Id*. at 291a.

In support of its Modification Petition, Employer presented the testimony of Dr. Mannherz, who opined that suitable work was generally available to Claimant based on his medical release to modified duty. *Id*. The doctor further opined that Claimant was fully recovered from this work-related injury to his lumbar spine as of February 13, 2019, but acknowledged that Claimant continued to have a work-related cervical injury. *Id*.

Employer's vocational expert, Ms. Potter, testified that she was assigned Claimant's case on March 14, 2019, for the purpose of completing an earning power assessment. *Id*. at 203a. Ms. Potter interviewed Claimant on March 25, 2019. Prior to conducting a labor market survey, Ms. Potter attempted unsuccessfully to contact Claimant's time-of-injury employer to determine if Employer had any modified work available for Claimant within his current restrictions and transferrable skills. *Id*. at 213a. Ms. Potter testified that she attempted to contact Employer, which was identified on the Notice of Ability to Return to Work/LIBC-757 forms and was told that it had no

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.1, 2501-2710.

2

record of Claimant's employment. *Id.* at 21a. Ms. Potter further testified that Claimant identified his employer as Quaker State, but she could not locate a company called Quaker State. Thereafter, Ms. Potter followed up with Employer by way of a letter dated April 30, 2019, and enclosed an affidavit for Employer to fill out. *Id.* at 216a. Ms. Potter testified that Employer never responded to the affidavit and did not indicate that no work was available to Claimant. *Id.* at 216a. Therefore, she concluded that there were no job vacancies available with Employer.

Next, she conducted a labor market survey, which is a job search, in an attempt to locate appropriate positions for Claimant within his physical restrictions, his transferrable skills, and his geographic area. Based on a labor market survey, she identified four open and available positions: a call center customer service representative, a hotel desk clerk, and two security officer positions. *Id.* at 222a-24a.

Based on the deposition testimony of Dr. Mannherz and vocational specialist, Ms. Potter, the WCJ issued the November 18, 2020 decision granting the Modification Petition, and reducing Claimant's TTD benefits to partial disability benefits in the amount of $364.80 weekly. (WCJ Decision, 11/18/20 at 10). With regard to Employer's Modification Petition, the WCJ found that Ms. Potter "made a good faith effort" to locate Claimant's time-of-injury employer from 17 years ago to determine if work was available before conducting the labor market survey. *Id.* at 7. The WCJ found Ms. Potter's testimony to be credible and that Employer had demonstrated that work was open and available to Claimant within his medical and vocational capabilities as of April 22, 2019, *i.e.*, the date of Ms. Potter's first available job referral. *Id.* at 7, 9.

Claimant timely filed an appeal to the Board. In the appeal, Claimant alleged that the WCJ's decision to grant the Modification Petition was wrong as a

3

matter of law. Claimant argued that Employer was required to demonstrate the lack of an available job at the time-of-injury employer as a prerequisite to conducting a labor market survey, and that Employer failed to meet its burden. On December 27, 2021, the Board issued its Opinion and Order affirming the decision of the WCJ in its entirety. On the issue of whether Employer was precluded from relying on a labor market survey, the Board disagreed, noting that an "employer is not required to prove the nonexistence of available work at its own facility." (Board Decision, 12/27/21, at 5.) The Board explained,

> we do not agree [Employer] was precluded from relying on a labor market survey. [Employer] did not have the burden of proving the non[]existence of an available position. [Employer] presented evidence, which the WCJ found credible, of an unsuccessful attempt to locate Claimant's time-of-injury employer. Claimant did not raise the existence of a specific job vacancy that [Employer] intended to fill and that he was able to perform. Therefore, the burden never shifted to [Employer] to rebut such evidence. *Reichert* [*v. Workers' Compensation Appeal Board (Dollar Tree Stores)*, 80 A.3d 824 (Pa. Cmwlth. 2013)].

(Board Decision, 12/27/21, at 6.) Claimant now petitions this Court for review.

## II. Discussion

In his petition for review, Claimant raises only one issue: whether the Board erred by granting the Modification Petition based on general work availability, because Employer failed to establish that it did not have a job available to Claimant between the Notice of the Ability to Return to Work and the Modification Petition.[2]

---

[2] This Court's review of the Board's order is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 550 A.2d 1364 (Pa. Cmwlth. 1988).

4

Relying on Section 306(b)(2) of the Act,[3] 77 P.S. § 512, and Section 123.301 of the Department of Labor and Industry's regulations, 34 Pa. Code § 123.301, Claimant maintains that Employer was required to offer Claimant a job, which he was capable of performing, before seeking modification of benefits based on earning power. Claimant argues that Employer "failed procedurally to demonstrate a lack of job availability." (Claimant's Brief at 14.) Therefore, the Modification Petition should have been denied.

Pursuant to Section 306(b)(2) of the Act, if a claimant receiving workers' compensation benefits is able to participate in substantial gainful employment and "the employer has a specific job vacancy the [claimant] is capable of performing, the employer **shall** offer such job to the [claimant]." 77 P.S. § 512(2) (emphasis added). Regulations dictate the time period in which an employer bears this obligation to offer a suitable job to the employee: "The employer's obligation to offer a specific job vacancy to the employee commences when the insurer provides the notice [of ability to return to work] . . . and shall continue for 30 days or until the filing of a Petition for Modification or Suspension, whichever is longer." 34 Pa. Code § 123.301(b).

As this Court has pointed out, the Act and applicable regulations are silent, however, as to whether the burden of proof in a modification petition first lies with an employer to prove the nonexistence of an available in-house job suitable for the claimant, or with the claimant to prove employer does have such a job. *Koehler v. Workers' Compensation Appeal Board (SEPTA)* (Pa. Cmwlth., No. 3 C.D. 2017, filed August 28, 2017).[4]

---

[3] Added by Section 4 of the Act of June 24, 1996, P.L. 350.

[4] Pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b) and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), unreported panel decisions of this Court may be cited for their persuasive value.

This Court first addressed this issue in *Rosenberg v. Workers' Compensation Appeal Board (Pike County)*, 942 A.2d 245 (Pa. Cmwlth. 2008). There, the claimant provided uncontradicted evidence that a specific job within her capabilities existed with the employer after the claimant received a notice of ability to return to work and before the employer filed its modification petition. We noted that the Act was silent as to the presentation of evidence, but we were "mindful that the burden of proof may be placed on a party who must prove existence of a fact rather than on a party who must prove its non[]existence." *Rosenberg*, 942 A.2d at 251. This Court held that "**once the issue is raised by evidence of a possible opening with [the] employer, the employer has the burden of proof**." *Id.* (emphasis added). Because the claimant provided evidence that a suitable job with her employer was available within this time frame, the Court found that the burden had shifted to the employer to prove that no such job existed and remanded the case accordingly. *Id.* at 252.

We reiterated this holding in *Reichert*, 80 A.3d at 829-30, wherein we summarized the holding in *Rosenberg*, as follows:

> [A]n employer does not have the burden to prove the **non[]existence** of available work at its own facility as a necessary element of the modification petition. Rather, a claimant may present evidence that "[d]uring the period in which the employer . . . had a duty to offer a specific job," the employer had a specific job vacancy that it intended to fill that the claimant was capable of performing. The burden then shifts to the employer to rebut the claimant's evidence.

(emphasis in original) (citations and quotation marks omitted).

In *Romano v. Workers' Compensation Appeal Board* (Pocono Services for Families and Children) (Pa. Cmwlth., No. 828 C.D. 2019, filed February 21, 2020), we ultimately rejected the very same argument raised by Claimant here. There, the claimant argued that the employer's modification petition should have been denied

6

because the employer failed to prove that it did not have a suitable job available for the claimant. Like Claimant here, the claimant in *Romano* argued that the employer has a statutory burden to prove the nonexistence of a suitable job available for the claimant before it could rely on a labor market survey. The claimant argued that the employer did not meet its burden because the only evidence that the employer did not have an available position was an affidavit from the employer, which the claimant alleged was hearsay. Rejecting the argument, we explained that an employer only has the burden of proof if the claimant raises, through evidence, a possible open position with the employer. *Id.*, slip op. at 6. Because the claimant presented no evidence of a specific job opening with the employer, the employer did not have to prove it did not have such a position available. *Id. See also Koehler* (rejecting the claimant's argument that the employer failed to prove that it met its statutory burden to show that it had no in-house position to offer him before relying on the labor market survey where the claimant did not present evidence of a specific job opening with the employer between the filing of the notice of ability to return to work and the employer's modification petition); *Ayers v. Workers' Compensation Appeal Board (General Dynamics)* (Pa. Cmwlth., No. 1056 C.D. 2018, filed March 22, 2019) (holding that the WCJ did not err in holding the claimant lacked *prima facie* evidence of a vacancy so as to trigger the employer's burden of proof because the claimant did not show that a specific vacancy with the employer existed; therefore, the employer had no burden to prove its nonexistence). *Cf. Verga v. Workers' Compensation Appeal Board (R&L Carriers)* (Pa. Cmwlth., No. 167 C.D. 2014, filed December 23, 2014) (burden shifted to the employer to establish that a modified-duty job was not available to the claimant where the claimant presented evidence that he was capable of continuing in a possible open position with the

7

employer during the period between the notice of ability to return to work and modification).

Similarly, in *Brozman v. Workers' Compensation Appeal Board (Commonwealth)* (Pa. Cmwlth., No. 1697 C.D. 2016, filed October 5, 2017), the claimant argued that her employer bore the initial burden of proving it had no available work internally before obtaining a labor market survey. We disagreed, emphasizing that the burden to prove nonexistence of a position only arises after a claimant identifies and establishes the existence of a specific suitable position within the relevant statutory time frame.

Here, Claimant presented no evidence of a specific job opening with Employer between the filing of the notice of ability to return to work and Employer's Modification Petition. True, Employer had the duty to offer Claimant a job within that relevant period if one was available. *See* Section 306(b)(2) of the Act, 77 P.S. § 512(2). However, that duty is different than the burden of proof at a hearing on a modification petition. The above case law makes it clear that during the hearing on the modification petition, the employer is not required to prove the nonexistence of an available job position. Only if the claimant presents some evidence that a job was open and available during the period between the notice of ability to return to work and modification petition, does the burden shift to prove the non-existence of the position. Claimant here appears to be conflating Employer's duty under Section 306(b)(2) of the Act, 77 P.S. § 512(2), to offer a claimant a position if one is available, with the burden of proof in a modification petition proceeding. As we have held time and time again, absent some evidence presented by the claimant that an employer has an open and available position within the claimant's work restrictions, the burden does not shift to the employer to prove it does not have such a position available. *Reichert*, 80 A.3d at 829-

30; *Romano*, slip op. at 6; *Rosenberg*, 942 A.2d at 251.  Therefore, the Board was correct in its holding.

Accordingly, the Board's order is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adam Strzyzewski,                         :
                Petitioner          :
        v.                                :    No. 75 C.D. 2022
                          :
Extensis II, Inc. (Workers'               :
Compensation Appeal Board),               :
               Respondent          :

## *__ORDER__*

AND NOW, this 22nd day of September, 2023, the December 27, 2021 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge