**Arisleyda URUETA, Petitioner,**

v.

**WORKMEN'S COMPENSATION AP- PEAL BOARD (H. ORITSKY, INC.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 28, 1995.
Decided Oct. 26, 1995.
Reargument Denied Dec. 7, 1995.

Thomas G. Parisi, for petitioner.

Christopher C. Kain, for respondents.

Before DOYLE and NEWMAN, JJ., and RODGERS, Senior Judge.

DOYLE, Judge.

Arisleyda Urueta (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board), which affirmed an award of the Workers' Compensation Judge (WCJ) granting the petition for suspension, termination or modification filed by the Employer, H. Oritsky, Inc.

Claimant sustained injuries to her right hand and wrist on or about October 13, 1989, during the course of her employment as a steam iron operator, and received benefits pursuant to a notice of compensation payable.

Thereafter, Claimant was examined and treated by A. Lee Osterman, M.D., a board certified orthopedic surgeon and hand specialist, at the request of Employer. In May 1991, after four separate visits and extensive testing, Dr. Osterman completed a physical capacity checklist and authorized Claimant to return to either sedentary or light-duty employment. According to the profile prepared by Dr. Osterman, Claimant was able to sit for up to six hours a day, and walk or stand for up to six hours a day. Dr. Osterman also opined that repetitive assembly line work was to be limited. Based upon Dr. Osterman's conclusion that Claimant could perform sedentary or light-duty employment, General Rehabilitation Services (GRS) was engaged to locate suitable employment for Claimant. Thereafter, a total of four positions were referred to Claimant by GRS.

Claimant was not hired by any of the prospective employers, and as a result, Employer filed a petition for termination, suspension or modification on December 18, 1991 alleging that Claimant was sufficiently recovered to return to work, but exhibited bad faith in failing to apply for positions referred to her. Claimant filed a response in which she asserted that she had not acted in bad faith and also filed a penalty petition against Employer for having unilaterally adjusted Claimant's benefits on the basis of an "Adjusted Statement of Wages."

A hearing was conducted by the WCJ. In support of its position, Employer presented the deposition testimony of Dr. Osterman and Ms. Beth Darman, a vocational rehabilitation counselor employed by GRS. Claimant testified at the hearing herself, but presented no other witnesses.

Dr. Osterman testified that Claimant could return to work with restrictions on lifting and the restrictive use of her right arm. Dr. Osterman classified Claimant's physical capacities as falling within sedentary to light duty work and approved each of the prospective positions referred to Claimant by GRS. That testimony was found credible by the WCJ.

Ms. Darman testified regarding the four positions which she personally obtained for Claimant, all of which were specifically approved by Dr. Osterman as being within Claimant's physical restrictions. Testifying over hearsay objections of Claimant's counsel, Ms. Darman reported what she discovered in follow-up conversations with the prospective employers. According to Ms. Darman, Claimant never physically went to the prospective employers and applied for the available positions.

Claimant testified that she followed-up on all four of the job referrals by merely telephoning the four prospective employers and was informed that the positions were no longer available. (Hearing Transcript, March 5, 1992, at 8–9.)

On June 22, 1993 the WCJ issued a decision and order granting the petition reducing Claimant's benefits based upon her ability to earn $142.50 per week. In so ordering, the WCJ overruled Claimant's hearsay objections and determined that the Claimant had not acted in good faith in following through on the job referrals. The WCJ concluded that Employer had met its burden of proof to modify Claimant's compensation benefits in accordance with *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987).

Claimant appealed to the Board asserting that the WCJ erred in concluding that she had not acted in good faith in pursuing the positions referred to her by Employer, and again sought sanctions against Employer for unilaterally reducing her benefits by altering her pre-injury wages. Claimant additionally argued that the WCJ erred in overruling her hearsay objections to the testimony of Ms. Darman. The Board affirmed the WCJ's decision, and Claimant's appeal to this Court ensued.

On appeal, Claimant raises the following issues: (1) whether the WCJ erred in granting a modification based upon the hearsay testimony of a vocational expert; and (2)

whether the WCJ erred in failing to order a penalty based upon Employer's unilateral filing of an adjusted statement of wages.

■ Opinion testimony by a vocational counselor, which is formed by the counselor's personal observations of the duties of various positions available, and of the Claimant's ability to meet those duties, is not hearsay testimony and is admissible in workmen's compensation hearings. *Acme Markets, Inc. v. Workmen's Compensation Appeal Board (Pilvalis)*, 142 Pa.Cmwlth. 400, 597 A.2d 294 (1991); *see also McCray v. Workmen's Compensation Appeal Board (Preschool Development Programs, Inc.)*, 167 Pa.Cmwlth. 402, 648 A.2d 348 (1994), *petition for allowance of appeal denied*, 540 Pa. 608, 655 A.2d 995 (1995); *Yezovich v. Workmen's Compensation Appeal Board (USX Corp.)*, 144 Pa. Cmwlth. 601, 601 A.2d 1341 (1992).

But this Court has made it clear that third party statements made to a vocational counselor by prospective employers will not be admitted over hearsay objections by claimant's counsel. *McCray; Pizor v. Workmen's Compensation Appeal Board (Frankford Quaker Grocery Company)*, 168 Pa.Cmwlth. 504, 650 A.2d 1210 (1994).

■ We therefore must agree with Claimant that in this case the WCJ erred in overruling her objection to the hearsay testimony of Ms. Darman, the Employer's vocational witness. It is clear that the statements by Ms. Darman, regarding her follow-up conversations with prospective employers, were inadmissible hearsay. In Ms. Darman's deposition she testified as follows:

Q. How did you find out that the Claimant did not apply for this position at Boscov's?

A. I called the personnel office and was told that she had not applied.

. . . .

Q. Do you know if the Claimant applied for this position [counter person at Dunkin Donuts]?

A. I spoke to the manager on the 25th of September and I was told that she had not applied.

. . . .

Q. Do you know if the Claimant applied for this position [sales associate at Van Huesen outlet]?

A. I received a letter back from the manager saying that she had not applied.

(Deposition of Beth Darman at 13, 15 and 16.)

Darman's testimony merely repeated the out-of-court statements of potential employers. She had no firsthand knowledge on whether Claimant had applied for any of the positions, and there is no expert opinion involved with such testimony. Therefore, we find that the WCJ committed reversible error by allowing this testimony to be admitted.

■ The Court must also reject the WCJ's finding that the Claimant failed to act in good faith in pursuing the job prospects presented by Ms. Darman. Claimant admitted that she did not go in person to seek employment, but she stated that she called each prospective employer on the telephone. Employer contends this displays a lack of good faith effort to obtain employment. Claimant argues that she was not instructed by GRS to physically apply for these positions in any event, and that by calling these prospective employers on the telephone she displayed a good faith effort to seek employment.

We are constrained to agree with Claimant's argument that GRS did not adequately specify what action was required of her to fulfill the good faith requirement in seeking employment. In reaching this conclusion we note in particular that the letters to Claimant by GRS, which informed her of the prospective employment, state only: "The following position is available for you to pursue." (Emphasis added). The letter does not inform Claimant that a proper pursuit entails actually going to the prospective employers and filling out an application, nor does it stipulate that a telephone call is not a sufficient means to pursue the position. Since there is absolutely no competent evidence in the record to rebut the testimony of claimant that she did call each prospective employer, and that each job was no longer available, there is no way, absent affirmative evidence

from those employers, that we may conclude that Claimant acted in bad faith.

 Claimant also contends that the WCJ erred in not awarding a sanction against Employer for unilaterally adjusting Claimant's pre-injury wage. Because the WCJ made no findings of fact on this issue, this Court is unable conduct a meaningful review to insure that the WCJ properly exercised his discretion with regard to the award or denial of penalties. *Magayna v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.)*, 115 Pa.Cmwlth. 268, 539 A.2d 952 (1988). As a result, we must remand this case to the Board to make additional findings of fact, based on the existing record, as to whether Employer violated the Act and whether penalties should be imposed.

Accordingly, the Board's order is reversed insofar as it affirmed the modification of Claimant's benefits and is vacated insofar as it affirmed the denial of the Claimant's penalty petition and this case is remanded for further proceedings on that issue.

### ORDER

NOW, on October 26, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed insofar as it affirmed the WCJ's order modifying Arisleyda Urueta's benefits. The Board's order is hereby vacated insofar as it affirmed the WCJ's denial of the penalty petition and this case is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.