John J. KILKER, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (E.J. ROGAN & SONS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 9, 1995.

Decided Dec. 1, 1995.

Michael A. O'Pake, for petitioner.

Paul J. Dufallo, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

John Kilker (Claimant) appeals from an order of the Workmen's Compensation Appeal Board, which affirmed an order by the referee granting the modification petition of E.J. Rogan & Sons (Employer).

On June 16, 1989, Claimant, a pipe fitter, sustained an injury to his lower back in the course of his employment, and pursuant to a notice of compensation payable, Claimant began receiving total disability benefits. On January 10, 1992, based upon Claimant's release for light-duty work, Employer filed a modification petition, alleging that as of May 20, 1991, suitable employment was available and that Claimant had failed to exercise good

faith in applying for the available light-duty positions.

In support of its petition to modify, Employer presented the testimony of Eric Holm, M.D., who concluded that Claimant was physically able to perform light or sedentary work. Dr. Holm approved fourteen jobs which Action Rehabilitation Services, Inc. had referred to Claimant. Employer also presented the testimony of Patricia Domzalski and Frances K. Terry, vocational counselors employed by Action Rehabilitation, who testified regarding Claimant's behavior and dress during interviews with the potential employers, over Claimant's counsel's hearsay objections. Claimant presented no contrary medical testimony, and testified on his own behalf.

The referee, in finding the testimony of Dr. Holm to be credible, held that Claimant was able to perform the job referred to him by the vocational counselors. The referee also found that Claimant did not, in good faith, seek employment with four prospective employers: Penn Patio; Gricoski Detective Agency; Greenview Meats; and Charlesworth Security. The referee, accordingly, granted Employer's petition for modification effective December 6, 1991. Claimant appealed to the Board alleging that the referee erred in relying on inadmissible hearsay testimony of the vocational counselors in concluding that Claimant had not exercised good faith in searching for a job. The Board affirmed the referee, holding that Claimant displayed bad faith in failing to apply for the position with Charlesworth Security; the Board did not address Claimant's bad faith with regard to the other three prospective employers.

██ On appeal to this Court, Claimant argues that the referee erroneously relied upon inadmissible hearsay testimony of the vocational counselors, and that Claimant, in good faith, applied for all of the employment

opportunities offered, but was unable to obtain any of the positions.[1]

██ In *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 252, 532 A.2d 374, 380 (1987), the Court set forth the requirements for a modification petition where work is available to a claimant as follows:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then-open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.*, light work, sedentary work, etc.

3. The claimant must then demonstrate that he has acted in good faith following through on job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

Where the modification petition is predicated upon the fact that the employer made a medically approved position available to the claimant, the employer need only establish that the job offers were within the claimant's physical capabilities and were available. *Ryan v. Workmen's Compensation Appeal Board (Port Erie Plastics, Inc.)*, 162 Pa. Cmwlth. 411, 639 A.2d 866 (1994). It is the claimant's burden to demonstrate that he/she has made a good faith effort to return to the work force when he/she is able. *Lathilleurie v. Workmen's Compensation Appeal Board (Tom McMackin Citgo)*, 660 A.2d 694 (Pa. Cmwlth.1995).

██ Opinion testimony by a vocational counselor concerning a claimant's ability to meet the specific duties of a position, when that opinion is formed by the counselor's personal observations of the duties of the position and is based on information of the

---

1. Claimant, in that section of his brief entitled "statement of the case" where the underlying facts should have been presented, argues that the testimony of Dr. Holm is not competent or credible because the basis for Dr. Holm's approval of the different jobs was based upon inaccurate descriptions of the nature of the positions. This "argument" is waived, however, because it was not presented in the statement of the issues nor in the argument sections of Claimant's brief and was not raised as an issue on appeal from the referee's order. *Wing v. Unemployment Compensation Board of Review*, 496 Pa. 113, 436 A.2d 179 (1981); Pa.R.A.P. 2117.

type normally relied on by such an expert in forming an opinion, is not hearsay testimony and is admissible in workmen's compensation hearings. *Acme Markets, Inc. v. Workmen's Compensation Appeal Board (Pilvalis)*, 142 Pa.Cmwlth. 400, 597 A.2d 294 (1991); *see also McCray v. Workmen's Compensation Appeal Board (Preschool Development Programs, Inc.)*, 167 Pa.Cmwlth. 402, 648 A.2d 348 (1994), *petition for allowance of appeal denied*, 540 Pa. 608, 655 A.2d 995 (1995). However, the testimony of a vocational counselor, including testimony regarding a claimant's conduct during a job interview, which is grounded on statements made to the counselor by prospective employers, is hearsay and will not be admitted over objections by claimants' counsel. *McCray; Pizor v. Workmen's Compensation Appeal Board (Frankford Quaker Grocery Co.)*, 168 Pa.Cmwlth. 504, 650 A.2d 1210 (1994). And, of course, hearsay evidence, properly objected to is not competent evidence to support a finding of fact. *Id.*

■ In this case, the referee made the following relevant findings of fact:

12. This Referee finds that the claimant, while appearing at the sales position at Penn Patio, acknowledged that he wore clothes that he normally wore to work as a pipe fitter. Based upon the nature of his conversation with the prospective employer as well as the response from the employer to the vocational counselor, your Referee finds that the claimant did not, in good faith, apply for that position.

13. Claimant's response to a position of security guard at Burger King with Michael Gricoski in that he would perform the job but only if he could give the employer one to two weeks notice if he were released by Dr. Holm to return to his regular employment, which statement was not based upon any information received from Dr. Holm, also indicates that the claimant did not, in good faith, apply for this position either.

14. Claimant acknowledged that he appeared for the position referred to Greenview Meats but that he made comments that he couldn't handle all the meat and he wasn't "going to kill [himself]" for $4.00 an hour. This Referee finds that the claimant's attitude and statements made to the employer and before this Referee shows he did not, in good faith apply for this position.

15. The claimant presented a copy of a phone bill to the Referee in connection with a telephone call to Charlesworth Detective Agency and discussed a position with the answering service without indicating whether he mentioned he was calling from Action Rehabilitation and acknowledged leaving his telephone number. This Referee finds that the claimant did not, in good faith, attempt to apply for this position by leaving a message on an answering machine without making the effort to re-telephone the prospective employer or to visit them personally.

(Referee's Findings of Fact Nos. 12–15.)

We agree with Claimant that the referee erred in admitting the hearsay testimony of the vocational experts into evidence. However, although it is arguable that the referee relied partially upon the inadmissible hearsay testimony as support for finding bad faith by Claimant in applying for the position at Penn Patio, the findings regarding the three other positions in which the referee found bad faith were supported by Claimant's own testimony and were *not* based upon the hearsay testimony of either of the vocational counselors. Thus, the referee's findings of fact that Claimant had not applied in good faith for the positions with Charlesworth Detective Agency, Gricoski Detective Agency, and Greenview Meats are supported by substantial evidence; therefore, the referee correctly granted Employer's modification petition.

Accordingly, the order of the Board is affirmed.

### ORDER

NOW, December 1, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.