# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carolann Romano,                          :
                    Petitioner            :
                                          :
            v.                            :    No. 828 C.D. 2019
                                          :    Submitted: November 22, 2019
Workers' Compensation Appeal              :
Board (Pocono Services for Families       :
and Children),                            :
                    Respondent            :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED: February 21, 2020**


Carolann Romano (Claimant) petitions for review of an Order of the Workers' Compensation Appeal Board (Board), dated June 12, 2019, that affirmed the decision of the Workers' Compensation Judge (WCJ) to grant Pocono Services for Families and Children's (Employer) petition to modify compensation benefits. Claimant contends substantial, competent evidence does not support modification of her benefits. Specifically, she contends that Employer did not satisfy its statutory burden of proving it did not have a position available for Claimant before relying on an earning power assessment because the only evidence presented by Employer as to job availability was inadmissible hearsay. Additionally, Claimant asserts the

opinion of the vocational expert was based entirely on hearsay evidence. For the following reasons, we affirm.

I.    **BACKGROUND**

Claimant worked for Employer as a preschool teacher until March 19, 2010, when she suffered an injury to her left knee playing freeze tag with children at Employer's playground. A Notice of Compensation Payable (NCP) was subsequently issued accepting the injury as a left knee strain/sprain. As a result of litigation in 2014, the injury was subsequently amended to include a left knee anterior cruciate ligament (ACL) tear. Following an Independent Medical Examination (IME) conducted on April 8, 2016, Employer issued a Notice of Ability to Return to Work on May 26, 2016. On January 12, 2017, Employer filed a modification petition based on a labor market survey and earning power assessment showing that vocationally and physically appropriate work was generally available to Claimant. Thereafter, Claimant filed an answer, denying the averments in the modification petition.

The matter was assigned to a WCJ who held hearings on the petition. In support of its petition, Employer presented the deposition testimony of Ronald S. Kushner (Vocational Expert), who conducted the labor market survey and earning power assessment, and Lucian Bednarz, M.D., who performed the IME.

Vocational Expert testified as follows.[1] He is certified by the Department of Labor and Industry to perform earning power assessments and is certified as a disability management specialist. On June 28, 2016, he personally met with

_____

[1] Vocational Expert's testimony is summarized by the WCJ in finding of fact 5. The entirety of Vocational Expert's deposition testimony can be found in the reproduced record at pages 145a-98a.

Claimant and her counsel to learn about Claimant's previous job experiences and education level. Vocational Expert contacted Employer and was told that no modified or alternative duty work was available for Claimant. He obtained an affidavit from Employer to that effect, which was introduced into evidence over Claimant's hearsay objection.[2] Although Dr. Bednarz cleared Claimant to perform light-duty work, all of the positions Vocational Expert identified were sedentary in nature to make sure they fell within Claimant's abilities.

Based on the interview with Claimant and the IME, Vocational Expert identified four available jobs within Claimant's physical and vocational capabilities. These jobs include a customer service representative position at Wayne Bank; front desk reservationist at Stroudsmoor Country Inn; customer care specialist at Blue Ridge Communications; and dispatcher customer service operator at Altronics Security Systems. Vocational Expert spoke to a manager at each of the prospective employers to obtain information about the respective job duties; he did not personally observe any of the positions, except the Stroudsmoor Country Inn position, which he observed previously for another claimant. Vocational Expert testified he customarily relies on information provided by employers and that he was familiar with the employers he identified, as Vocational Expert had "worked this general area" and "all over Pennsylvania" for 27 years. (Reproduced Record (R.R.) at 172a, 174a.) Because Claimant held customer service type positions in the past, Vocational Expert opined that those skills would be "relatable, transferrable." (*Id.* at 195a.) Vocational Expert submitted job descriptions for each of the positions to

---

[2] The affidavit from Employer's fiscal manager can be found in the reproduced record at page 32a.

3

Dr. Bednarz, who approved each position.[3]  In addition, Vocational Expert sent letters to Claimant advising her of the available positions.[4]  On cross-examination, Vocational Expert admitted that he did not send Claimant the physical requirements for each position.  Vocational Expert concluded, based on the identified jobs, that Claimant had an earning power between $360.00 and $468.75 per week, with an average of $402.19 per week.[5]

Dr. Bednarz testified, in relevant part, as follows.[6]  Based upon his examination and review of Claimant's medical history and records, Dr. Bednarz opined that Claimant's injury resulted in permanent light-duty restrictions.  Specifically, Claimant could lift up to 20 pounds with frequent lifting up to 10 pounds, and in an 8-hour day, could stand/walk 1 to 4 hours, sit 5 to 8 hours, and drive 1 to 3 hours.  She could occasionally bend, squat, or navigate steps, but was restricted from climbing or using ladders.  Based upon his review of the job descriptions for the four jobs Vocational Expert identified, Dr. Bednarz opined that Claimant could perform all of those jobs.

Claimant testified in opposition to the modification petition.  She testified, in relevant part, as follows.[7]  Claimant has a bachelor's degree in early childhood education.  She worked at a bank for approximately 6 months 20 years ago.  Claimant expressed concern with the position at Wayne Bank because of having to get up and

---

[3] Copies of the approved job descriptions can be found in the reproduced record at pages 41a-48a.

[4] Copies of the letters sent to Claimant can be found in the reproduced record at pages 33a-39a.

[5] Vocational Expert's Earning Power Assessment Report can be found in the reproduced record at pages 51a-55a.

[6] Dr. Bednarz's testimony is summarized by the WCJ in finding of fact 4.  The entirety of Dr. Bednarz's deposition testimony can be found in the reproduced record at pages 88a-131a.

[7] Claimant's testimony is summarized in finding of fact 7.  The entirety of Claimant's testimony before the WCJ can be found in the reproduced record at pages 266a-81a.

down, walking, and not knowing if she could prop her leg up, and because she suffered a traumatic brain injury in the past that makes math and numbers difficult. As for the position at Stroudsmoor Country Inn, Claimant was concerned with moving back and forth, lifting, walking, and propping up her leg. She expressed similar concerns about the Blue Ridge Communications and Altronics positions, including that the Altronics position was night shift. Claimant testified that she has ongoing problems with her leg and did not believe she could perform any of the positions. She has not returned to work since her injury in 2010. On cross-examination, Claimant admitted that she did not contact any of the prospective employers for additional information or to apply. Claimant did not introduce any medical or vocational evidence.

The WCJ found Dr. Bednarz's testimony "uncontroverted" because Claimant did not call any of her treating physicians to impeach his testimony. (WCJ Decision, Finding of Fact (FOF) ¶ 8.) Accordingly, the WCJ accepted his testimony as credible. The WCJ also accepted Vocational Expert's testimony, which the WCJ said was "carefully considered" in light of the fact that Vocational Expert did not personally observe any of the open positions, which the WCJ found "somewhat troubl[ing]." (*Id.* ¶ 9.) Despite this, the WCJ found Vocational Expert's testimony concerning the job descriptions credible. The WCJ noted that Claimant did not seek to rebut Vocational Expert's testimony that no work was available and Claimant based her opinion that she could not perform the work "solely on her subjective ideas of what the jobs entailed." (*Id.*) The WCJ stated because Vocational Expert "is presumably an expert," his testimony was "more credible than Claimant['s] when he describes the jobs in question." (*Id.*) Finally, the WCJ rejected Claimant's testimony as not credible based upon Claimant's "bearing and demeanor." (*Id.* ¶ 10.)

The WCJ noted Claimant neither applied for any of the positions nor visited any of the job sites. The WCJ further noted that upon receipt of the notice of ability to return to work, Claimant did not seek to find other employment.

Based upon the credited evidence, the WCJ found Claimant's residual earning power as of December 20, 2016, was $402.19 per week, and modified Claimant's benefits accordingly.

Claimant appealed to the Board, which affirmed. It held Employer met its burden of proving it had no work available for Claimant and that Claimant had a residual earning power of $402.19 per week. The Board rejected Claimant's assertion that Employer could not rely on an affidavit, which was hearsay, to establish that it had no positions available. The Board explained that *Rosenberg v. Workers' Compensation Appeal Board (Pike County)*, 942 A.2d 245 (Pa. Cmwlth. 2008), upon which Claimant relied, was clarified by *Vernille v. Workers' Compensation Appeal Board (Meadville Lodge, 219 BPOE)* (Pa. Cmwlth., No. 489 C.D. 2012, filed October 1, 2012),[8] where we held an employer does not need "to prove [a] negative[,] []i.e., that it does not have a job available[]." (Board Opinion at 7.) Instead, an employer has the burden of proof only if the claimant raises, through evidence, a possible open position. (*Id.* at 8.) The Board explained "[Employer] . . . presented evidence (albeit hearsay) that it did not have a job available for Claimant, but Claimant did not present any evidence of [her] own to contradict that position," whereas the claimant in *Rosenberg* did present such evidence. (*Id.*) The remaining issues, the Board stated, were "an attack on credibility determinations and assignment of weight to the evidence of record,

---

[8] Pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b) and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), unreported panel decisions of this Court may be cited for their persuasive value.

[which w]as not [its] role to second guess." (*Id.*) The Board found "[t]he WCJ was correct in his conclusion that the testimony of [Vocational Expert] was the type normally given by a vocational expert during the course of his testimony and not mere hearsay as asserted by Claimant." (*Id.*) The Board concluded that "Claimant's discontent with the outcome of the case [was] not a basis for [it] to disturb the WCJ's Decision and Order, and [it would] not do so here." (*Id.*)

## II.    **PARTIES' ARGUMENTS**

On appeal to this Court,[9] Claimant argues the same issues she raised to the Board: (1) whether Employer met its burden of showing that it had no in-house positions available to offer Claimant when the only evidence presented was hearsay evidence in the form of an affidavit from Employer introduced through Vocational Expert; and (2) whether Vocational Expert's testimony was incompetent because he relied entirely on hearsay evidence to form his opinion. Claimant argues that Employer needs to establish there is no suitable work available with Employer before it can move forward with an earning power assessment. Here, the only evidence to that effect was the affidavit of Employer's fiscal manager, who stated no positions were available, which Claimant asserts was inadmissible hearsay. Although Claimant objected to the admission of the affidavit, Claimant states the WCJ overruled the objection on the basis that the evidence was of the type reasonably relied upon by vocational counselors. Claimant argues this was error because vocational counselors, such as Vocational Expert, are not required to

---

[9] This Court's scope of review in workers' compensation appeals "is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Elberson v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 936 A.2d 1195, 1198 n.2 (Pa. Cmwlth. 2007).

7

consider whether positions are available with an employer; thus, it is not the type reasonably relied upon by vocational counselors because there is no requirement that they actually consider it. Claimant asserts the burden to show the existence of work only shifts once Employer presents evidence there is none available, which did not occur here.

Claimant further argues that the Board wrongfully interpreted *Rosenberg*, *Vernille* is distinguishable, and the Board's regulations would be rendered moot if the Board's interpretation was accepted. According to Claimant, *Rosenberg* still requires an employer to meet its initial burden unless a claimant obtained other employment or demonstrated residual skills, of which there is no evidence here. Claimant argues *Vernille* is distinguishable because there the claimant asserted there were job openings with the employer, which was rejected as insufficient. Claimant also asserts that *Vernille* involved testimonial evidence, whereas here, the evidence was via an affidavit, which Claimant could not challenge given the way it was introduced through Vocational Expert. Claimant further asserts that the Board's interpretation related to the burden of proof conflicts with the plain language of 34 Pa. Code § 123.301, which places the burden on an employer to offer a claimant an open position and explains how an employer can satisfy this burden and how a claimant can rebut it.

Claimant also argues that the labor market survey and earning power assessment performed by Vocational Expert is "suspect at best," (Claimant's Brief (Br.) at 19), because Vocational Expert relied entirely on hearsay. Claimant disagrees with the WCJ and Board that this was the type of information reasonably relied upon by vocational experts. Claimant cites *Edwards v. Workers' Compensation Appeal Board (MPW Industrial Services, Inc.)*, 858 A.2d 648 (Pa.

8

Cmwlth. 2004), and asserts Vocational Expert could rely on hearsay for availability, hours, and wages, but not for duties performed. Claimant further asserts that Vocational Expert assumed the information he was given by the prospective employers was accurate and made no attempt to verify it. Similar to IME doctors, Claimant asserts a Vocational Expert cannot simply rely upon information provided by others to form an opinion. This is just "regurgitating information," which is not an expert opinion. (Claimant's Br. at 34.)

Employer responds that *Vernille* does not require an employer to prove a negative; instead, an employer only has to offer a claimant a position if the employer has one available. Employer explains that the WCJ considered Claimant's hearsay objection and overruled it on the basis that the information was of the type reasonably relied upon by vocational experts. Employer further notes that there is no evidence of record to contradict the affidavit, which distinguishes this case from *Rosenberg*, in which the claimant testified there was a position available with the employer. Employer points out that Claimant presented no evidence in opposition to the modification petition and is simply attempting to attack the WCJ's credibility determinations that, on appeal, cannot be disturbed. Employer asks the Court to affirm the Board's Order, affirming the WCJ's Decision.

## III. ANALYSIS

### A. *Burden of Proof*

We first address Claimant's argument that Employer's modification petition should be denied because Employer failed to prove that it did not have an available job within itself suitable for Claimant. Claimant contends that Employer has a statutory burden to prove the nonexistence of an available suitable job for Claimant

9

before it can rely on an earning power assessment or labor market survey. Claimant argues Employer did not meet that burden here because the only evidence that Employer did not have an available position was an affidavit from Employer, introduced through Vocational Expert. This affidavit is insufficient, Claimant contends, because it constitutes impermissible hearsay.

Pursuant to Section 306(b)(2) of the Workers' Compensation Act[10] (Act), if a claimant receiving Workers' Compensation (WC) benefits is able to participate in substantial gainful employment and "the employer has a specific job vacancy the [claimant] is capable of performing, the employer **shall** offer such job to the [claimant]." 77 P.S. § 512(2) (emphasis added); *see also* 34 Pa. Code § 123.301(a). Regulations provide that an employer can satisfy this duty by showing:

> (1) The employee was notified of a job vacancy and failed to respond.
>
> (2) A specific job vacancy was offered to the employee, which the employee refused.
>
> (3) The employer offered a modified job to the employee, which the employee refused.
>
> (4) No job vacancy exists within the usual employment area.

34 Pa. Code § 123.301(c). The regulation further provides:

> If the employer has presented evidence that no job vacancy exists, the employee may rebut the employer's evidence by demonstrating facts which may include the following:
>
> (1) During the period in which the employer has or had a duty to offer a specific job, the employer is or was actively recruiting for a specific job vacancy that the employee is capable of performing.

---

[10] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 512(2). Section 306(b)(2) was added by Section 4 of the Act of June 24, 1996, P.L. 350.

(2) During the period in which the employer has or had a duty to offer a specific job, the employer posted or announced the existence of a specific job vacancy, that the employee is capable of performing, which the employer intends to fill.

34 Pa. Code § 123.301(f).

The Act and applicable regulations are silent as to whether the burden of proof in a modification petition first lies with an employer to prove the nonexistence of an available in-house job suitable for claimant, or with the claimant to prove employer does have such a job. This Court first addressed this issue in *Burrell v. Workers' Compensation Appeal Board (Philadelphia Gas Works and Compservices, Inc.)*, 849 A.2d 1282 (Pa. Cmwlth. 2004). There, we stated:

> Neither the express language of Section 306(b)(2) nor the cases decided under it require proof of the absence of specific jobs with employer as a prerequisite to expert testimony of "earning power." While the statute requires an employer to offer an available position if one exists, it does not require employer to prove the non-existence of such a position. Nor does the statute preclude a claimant from proving the existence of such a position as a defense to modification.

*Id.* at 1287. However, there, the Court did not have to reach the issue of whether the employer had such a position because the claimant "unilaterally demonstrate[d] residual productive skill" by working another job. *Id.*

We again faced the question of what an employer's burden was related to the availability of a light-duty position in *Rosenberg*. There, the claimant provided uncontradicted evidence that a specific job within her capabilities existed with the employer after the claimant received a notice of ability to return to work and before the employer filed its modification petition. Specifically, the claimant actually worked for the employer in a light-duty position until the employer terminated the claimant's employment, stating it did not have a provision for permanent light-duty

11

work. The employer subsequently hired a new employee to fill the position in which the claimant had been working. We again noted that the Act was silent as to the presentation of evidence, but we were "mindful that the burden of proof may be placed on a party who must prove existence of a fact rather than on a party who must prove its non-existence." *Rosenberg*, 942 A.2d at 251. This Court held that "**once the issue is raised by evidence** of a possible opening with employer, the employer has the burden of proof." *Id.* (emphasis added). Because the claimant provided evidence that a suitable job with her employer was available, the Court found that the burden had shifted to the employer to prove that no such job existed and remanded the case accordingly. *Id.* at 252.

We reiterated this holding in *Reichert v. Workers' Compensation Appeal Board (Dollar Tree Stores)*, wherein we summarized the holding in *Rosenberg*, as follows:

> [A]n employer does **not** have the burden to prove the **non-existence** of available work at its own facility as a necessary element of the modification petition. Rather, a claimant may present evidence that [d]uring the period in which the employer . . . had a duty to offer a specific job, the employer had a specific job vacancy that it intended to fill that the claimant was capable of performing. The burden then shifts to the employer to rebut the claimant's evidence.

80 A.3d 824, 829-30 (Pa. Cmwlth. 2013) (citations and quotation marks omitted). In that case, we found the claimant did not present evidence that the employer was actively recruiting for a specific job vacancy or that the employer had posted the existence of a specific vacancy. *Id.* at 830. The only evidence of job vacancies was presented by the claimant's vocational expert, who testified that employer was recruiting for various positions through its website. However, his testimony was not

12

credited by the WCJ because he visited the website after the modification petition was filed. *Id.*

Our holding in *Reichert* was similar to our holding in *Vernille*, the case upon which the Board relied in affirming the WCJ's Decision here. In *Vernille*, the claimant challenged the Board's decision affirming a WCJ's decision granting the employer's modification petition, asserting that the employer did not meet its burden of proving it did not have a position available within the claimant's restrictions. The claimant in *Vernille* testified that he "believed" the employer had work available but presented no evidence to this effect. *Vernille*, slip op. at 3. Because the claimant did not bring forth evidence to support his assertion that the employer had available positions, the Court held that the burden never shifted to the employer to prove the nonexistence of a position. *Id.*

Unlike *Reichert*, *Rosenberg*, or *Vernille*, Claimant, here, presented no evidence of a specific job opening with Employer between the filing of the Notice of Ability to Return to Work and Employer's modification petition. Claimant did not even suggest this was the case or testify that she believed this to be so. As we held time and time again, absent some evidence that an employer has an open and available position within the claimant's work restrictions, an employer does not need to prove it does not have such a position available. *Reichert*, 80 A.3d at 829-30; *Vernille*, slip op. at 3; *Rosenberg*, 942 A.2d at 251. Therefore, the Board was correct in its holding.[11]

---

[11] Because Employer did not have the burden to show the nonexistence of a suitable position, we need not decide whether it was error to consider the affidavit of Employer's fiscal manager on the basis it was hearsay. We note, however, that in *Ricci v. Workers' Compensation Appeal Board (MMI Electrical Contractors)* (Pa. Cmwlth., No. 1253 C.D. 2012, filed January 24, 2013), slip op. at 3 n.2, a vocational expert's testimony that the employer told him it had no available positions to offer the claimant was admissible, despite being hearsay, because it was the type of information reasonably relied upon by such experts.

13

### B. *Vocational Expert's Opinion*

We next address Claimant's argument that the Board erred in affirming the WCJ's grant of Employer's modification petition because Employer failed to present competent evidence. Section 306(b)(2) of the Act allows for modification of benefits based on a claimant's earning power. 77 P.S. § 512(2). "'Earning power' shall be determined by the work the [claimant] is capable of performing and shall be based upon expert opinion evidence which includes job listings with agencies of the department, private job placement agencies and advertisements in the usual employment area." *Id*.

Here, Employer provided the testimony of Vocational Expert who opined that Claimant had an earning power of between $360.00 and $468.75 per week. The WCJ specifically credited Vocational Expert's testimony and Dr. Bednarz's testimony, both of which were uncontradicted. Claimant, however, argues that Vocational Expert's opinion is defective because it was based solely on inadmissible hearsay. More specifically, Claimant attacks Vocational Expert's failure to personally observe any of the identified positions and instead relies on what Vocational Expert was told when he called the prospective employers. According to Claimant, Vocational Expert could rely on what he was told for availability, hours, and wages, but not job duties, which Vocational Expert did here.

In support of this position, Claimant cites *Edwards*. In that case, the claimant challenged the testimony of a vocational counselor who relied on information he was provided by the prospective employers related to availability, hours, and wages. We held that such information was permitted under Rule 703 of the Pennsylvania Rules of Evidence, Pa.R.E. 703. *Edwards*, 858 A.2d at 651. Rule 703 provides, in pertinent part: "If experts in a particular field would reasonably rely on those kinds

14

of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." Pa.R.E. 703. Because vocational experts rely on information from physicians related to a claimant's capabilities and limitations, on claimants for their education and work experience, and on information obtained from employers regarding particular jobs, we held the vocational counselor could rely on this information to form his opinion. *Edwards*, 858 A.2d at 651. We further noted that the vocational counselor observed the duties firsthand. *Id.* at 652.

Although the vocational counselor personally observed the positions in *Edwards*, the failure to do so is not fatal to a vocational expert's opinion nor does it limit the vocational expert's opinion to availability, hours, and wages. In *Acme Markets, Inc. v. Workmen's Compensation Appeal Board (Pilvalis)*, 597 A.2d 294 (Pa. Cmwlth. 1991), the claimant objected to a vocational expert's testimony as to specific job duties. We noted that information obtained through personal observation was not hearsay and that "the testimony of the expert, although based upon data not admissible in evidence, is legally competent if that data is of the type reasonably relied on by an expert in the particular field in forming an opinion on the subject." *Id.* at 298 n.3.

The Supreme Court recognized this approach in *Joyce v. Workmen's Compensation Appeal Board (Ogden/Allied Maintenance)*, wherein, citing *Acme Markets*, it stated:

> To the extent that this testimony was based on hearsay, it was nevertheless admissible because it was the type of information reasonably relied on by an expert in the field in forming an opinion. . . . A vocational counselor acquires job descriptions and information about job availability from prospective employers and relies on this information in making job referrals.

705 A.2d 417, 418 n.3 (Pa. 1997).

15

More recently, this Court reaffirmed that "[v]ocational counselors speak to prospective employers and obtain job descriptions to determine job availability." *Pocono Mountain Sch. Dist. v. Workers' Comp. Appeal Bd. (Willette)* (Pa. Cmwlth., No. 1786 C.D. 2014, filed July 8, 2015), slip op. at 21. Thus, we rejected a claimant's argument that the vocational expert's testimony was inadmissible as hearsay and insufficient to support the WCJ's findings. *Id.* We held that "[a]lthough the job descriptions and [the vocational expert]'s discussions with potential employers may have attributes of hearsay, they are admissible" since they are of the type reasonably relied upon by experts in that field. *Id.*[12]

Here, Vocational Expert testified that he did not personally observe any of the positions, except the Stroudsmoor Country Inn position, which he previously observed. Instead, Vocational Expert testified he called and spoke to a manager at each of the prospective employers to obtain information about the respective job duties. (R.R. at 168a, 185a, 188a-89a, 192a, 196a.) Vocational Expert further testified that he customarily relies on information provided by employers and that he was familiar with the employers he identified having "worked this general area" and "all over Pennsylvania" for 27 years. (*Id.* at 172a, 174a.) The WCJ credited this testimony. It is well established that credibility determinations in workers' compensation matters are within the discretion of the WCJ, not the Board or this Court. *Vols v. Workmen's Comp. Appeal Bd. (Alperin, Inc.)*, 637 A.2d 711, 714 (Pa. Cmwlth. 1994). Because this testimony was legally competent as information

---

[12] However, when a vocational expert seeks to testify as to whether a claimant has followed up on an employment opportunity, we have held what a vocational expert has been told by a prospective employer related to a claimant applying for a particular job is not the type of information reasonably relied upon by a vocational expert and is inadmissible hearsay. *Pizor v. Workmen's Comp. Appeal Bd. (Frankford Quaker Grocery Co.)*, 650 A.2d 1210, 1212 (Pa. Cmwlth. 1994).

16

reasonably relied upon by vocational experts, *Joyce*, 705 A.2d at 418 n.3; *Acme Markets*, 597 A.2d. at 298 n.3; Pa.R.E. 703, and it provides substantial evidence to support the conclusion that Claimant is capable of earning, on average, $402.19 per week, the Board properly affirmed the WCJ's Decision.

## IV.   CONCLUSION

As Employer was not required to demonstrate that it did not have any positions available within Claimant's restrictions and Vocational Expert's opinion was based upon information reasonably relied upon by others in that field, we discern no error in the Board's Order.  Accordingly, we affirm.

 

 

_____

**RENÉE COHN JUBELIRER,** Judge

Judge Fizzano Cannon did not participate in this decision.

17

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carolann Romano,                     :
            Petitioner       :
                             :
         v.                 :   No. 828 C.D. 2019
                             :
Workers' Compensation Appeal    :
Board (Pocono Services for Families   :
and Children),                    :
           Respondent     :

# **O R D E R**

**NOW**, February 21, 2020, the Order of the Workers' Compensation Appeal Board dated June 12, 2019, is **AFFIRMED.**

_____
**RENÉE COHN JUBELIRER,** Judge